## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

KEVIN LAURANT,              )
        Plaintiff,        )
                        )
      v.                  )    CAUSE NO.: 2:23-CV-00092-JTM-JPK
                        )
MENARD, INC.,             )
        Defendant.     )

### OPINION AND ORDER

This matter is before the Court *sua sponte*. Defendant Menard, Inc. removed this action from state court on March 10, 2023. The Notice of Removal asserts this case is removable under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides for original federal court jurisdiction where the parties have diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest or costs. The Court must continuously police its subject matter jurisdiction, and remand this action if it finds that subject matter jurisdiction is lacking. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002); 28 U.S.C. § 1447(c). As the party seeking federal jurisdiction, Defendant has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant has adequately alleged in the notice of removal that the complete diversity requirement is satisfied because Plaintiff is a citizen of Indiana and Defendant is a citizen of Wisconsin. However, Defendant's allegations regarding the amount in controversy requirement are insufficient for the Court to determine whether the amount in controversy exceeds the requisite $75,000.00 exclusive of interest and costs.  The Seventh Circuit "generally treat[s] the amount-in-

controversy threshold as a 'pleading requirement.'" *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021) (quoting *Blomberg v. Serv. Corp., Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)). "Once the proponent of federal jurisdiction has explained *plausibly* how the stakes exceed" the amount-in-controversy threshold of a jurisdictional statute, "then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* (emphasis added) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). But here the notice of removal does not plausibly allege that the amount in controversy exceeds $75,000. It alleges that "Plaintiff's claimed damages allegedly exceed $75,000.00, [because] Plaintiff's Complaint alleges that Plaintiff, Kevin Laurant, sustained serious injuries, some of which may be permanent, incurred medical expenses, and was otherwise damaged due to Defendant's negligence for failing to properly instruct those using motorized scooters how to properly utilize them." [DE 1 ¶ 4; *see* DE 5 ¶ 6]. The Court cannot plausibly infer from the allegations in the state court complaint on which Defendant relies, however, that the amount in controversy exceeds the jurisdictional minimum.

Plaintiff's allegations in the state court complaint that he sustained serious injuries and incurred medical expenses certainly suggest that it is possible the amount in controversy exceeds $75,000. Nevertheless, the Seventh Circuit has demanded greater specificity before a defendant may remove a case to federal court based on diversity jurisdiction. To remove a case based on an allegation that the jurisdictional minimum is satisfied by the plaintiff's state court complaint where, as here, that complaint neither makes a demand for a specific sum nor contains facts from which that amount can be calculated, the defendant must

> receive[ ] a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought. This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous

> statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants.

*Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013). The Seventh Circuit has noted that a defendant wishing to remove a complaint without such a disclosure should use other means to seek that information prior to removal, such as jurisdictional requests for admission. *Id.* at 824 n.4. Under the standard articulated by the Seventh Circuit, allegations of "permanent and severe personal injuries" in a state court complaint by themselves do not trigger a defendant's right to remove under the diversity statute because they do not disclose a specific amount of monetary damages sought by the plaintiff. *See, e.g., Redfield v. Uthe*, No. 2:20-cv-199-TLS-JPK, 2021 WL 2451906, at *3 (N.D. Ind. June 15, 2021) (finding that state court complaint did not trigger federal diversity jurisdiction because, "[a]lthough [it] alleges damages that include permanent and severe personal injuries, medical expenses, and lost wages and seeks punitive damages, the Complaint does not contain a dollar amount of damages sought").

Given the importance of determining the Court's jurisdiction to hear this case, Defendant must allege facts plausibly supporting that the amount in controversy requirement for diversity jurisdiction is satisfied, as indicated in this opinion and order. Therefore, the Court **ORDERS** Defendant to **FILE** a supplemental jurisdictional statement on or before **March 24, 2023**.

So ORDERED this 15th day of March, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

3